Curia, per Butuer, J.
The plaintiffs gave the defendant thirteen days notice, that they would move one of the judges of the Court of Common Pleas, at Abbeville Court House, for leave to file a suggestion to set aside as fraudulent a judgment of M. B. Clarke against James Simpson. The defendant objected to the sufficiency of the notice, because it was not accompanied by affidavits setting forth specifically the facts upon which the motion was to be founded; and this objection was sustained by the presiding judge — who held that before the plaintiffs were entitled to make their motion, they should have obtained a rule to show cause, and should have given the defendant timely notice by affidavit, of the facts on which they would rely to sustain their motion. The case presents merely a question of practice, and we are of opinion that the plaintiffs were not bound to serve defendant with their affidavits until they made their motion, nor to have taken out a rule nisi. The course pursued by plaintiffs has the sanction of practice; and was unobjectionable. In general, when a rule nisi is applied for, affidavits are not required; but they must be produced and filed when the party makes his motion to make the rule absolute. When a party has given reasonable notice of the grounds upon which he intends to make his motion, he has done all that he could have done by a rule; and the defendant has every advantage that he was entitled to by such rule. He has notice of plaintiff’s intention, and the general grounds of his motion. When the motion is made, the plaintiff should make a satisfactory showing to the judge by affidavit, of its *271 reasonableness and justice, before an order would be made to file a suggestion, for the purpose of impeaching a confession of judgment. As was said by Mr. Justice O’Neall, in the case of Underwood vs. Posey, 1 Hill, 266, that such a suggestion “can alone be filed by leave of the court on cause shown, creating a reasonable ground to believe that the confession is fraudulent — and upon such conditions as the court may impose.” The motion for such a proceeding is addressed to the discretion of the judge, and if the adverse party has reasonable notice of it, it is all that he can require.
Wilson & Martin, for the motion.
Burt & Thompson, contra.
The circuit decision is therefore reversed.
O’Neall, Evans, and Earle, Justices, concurred.